NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0209n.06

No. 14-5700

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 13, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | On Appeal from the United States |
| v. | ) | District Court for the Eastern District |
| | ) | of Tennessee |
| DAVID D. CROSS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____/ | | |

**Before: GUY, COOK, and McKEAGUE, Circuit Judges.**

**PER CURIAM.** Defendant David Cross pleaded guilty to one count each of aiding and abetting aggravated bank robbery and discharging a firearm during that robbery. *See* 18 U.S.C. §§ 2113(a) and (d), 2, and 924(c)(1)(A)(iii). Cross admitted in his plea agreement that he entered a federally insured bank armed with a .45 caliber semi-automatic pistol; fired several shots, two of which struck the bank manager; and took $20,775.00 in cash before fleeing in a waiting car occupied by his two codefendants. Defendant's appeal challenges only the substantive reasonableness of his within-Guidelines sentence, arguing that the district court failed to give proper weight to his personal characteristics. We affirm.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence may be substantively unreasonable "when the

district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). The properly calculated advisory Guidelines range provides the "starting point and initial benchmark" for a substantively reasonable sentence. *Gall*, 552 U.S. at 39; *see also United States v. Haj-Hamed*, 549 F.3d 1020, 1025 (6th Cir. 2008). On appeal, this court applies a rebuttable presumption of substantive reasonableness to a within-Guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008).

Defendant did not object to the presentence report or the calculation of the advisory Guidelines range. After a three-level reduction for acceptance of responsibility, the total offense level for the bank robbery conviction was 24. That offense level, coupled with a criminal history category of I, resulted in a Guidelines range of 51 to 63 months of imprisonment. However, because the firearm conviction mandated a consecutive sentence of at least ten years of imprisonment, the effective Guidelines range became 171 to 183 months of imprisonment. Imposing sentence at the top of that range, the district court sentenced Cross to a 63-month term of imprisonment for the bank robbery conviction, to be followed by a consecutive 120-month term of imprisonment for the firearm conviction.

Cross has failed to rebut the presumption that his within-Guidelines sentence is substantively reasonable. The district court had before it the arguments made for mitigation based on Cross's borderline to low-average intelligence and uncontrolled diabetes that resulted in renal failure and possibly impacted his cognitive abilities. Defense counsel urged a within-Guidelines sentence for several reasons, including that Cross was remorseful, had not intended to hurt anyone, and had acted out of desperation and poor judgment given his low intellectual

functioning. The record reflects that the district court considered but was not persuaded that a lower sentence was warranted based on defendant's claims that he did not intend for anyone to get hurt and did not understand that he could have robbed the bank without a firearm. The district court considered and weighed the relevant sentencing factors, including the seriousness of the offense, the defendant's characteristics, and the need to impose a sentence that would provide just punishment, afford adequate deterrence, and protect the public. Nothing in the record suggests that the district court's weighing of the relevant factors was unreasonable. The district court did not abuse its discretion in determining that the 18 U.S.C. § 3553(a) factors, as a whole, justified the sentence imposed. *Gall*, 552 U.S. at 59-60.

**AFFIRMED**.